UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CREATIVE PHOTOGRAPHERS, INC.,

                Plaintiff,

     v.

GIRARD ENTERTAINMENT & MEDIA
LLC, and KEITH GIRARD,

                Defendants.

CASE NO. 1:21-CV-09398-JSR

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL

        Pursuant to Fed. R. Civ. P. 37 and Local Rule 37.1, this Motion to Compel the Production

of Documents ("Motion") is submitted by Defendants Girard Entertainment & Media LLC and

Keith Girard ("Defendants") in connection with Defendants' Request for Production of

Documents, Set Two ("Requests"), served on Plaintiff Creative Photographers, Inc. ("Plaintiff"

or "CPI") on February 11, 2022.[1]

## I.      PRELIMINARY STATEMENT

        This suit concerns the alleged infringement of images, the copyrights to which are owned

by individuals that are not party to this suit. Instead, CPI—a serial litigant that enters "exclusive

syndication agreements" with these photographers—obtains the right to enter into licenses on the

photographer's behalf, while the copyrights themselves are retained exclusively by the

photographers.  The photographers are not joined in the suit; CPI's business is to sue claiming

the photographers' copyright rights.

---

[1] When Defendants' current counsel propounded the Requests, it was unaware of the nine
document requests propounded by prior counsel.  For this reason, the Requests are numbered 1-
36, instead of 10-45.

1

Defendants own and operate the websites www.thenyindependent.com and www.celebrityhealthfitness.com (the "Websites").  CPI alleges that Defendants publicly displayed, without authorization, 10 photographs of certain celebrities (collectively, the "Photographs") in connection with articles posted on the Websites between seven and ten years ago.  The Photographs were allegedly registered with the U.S. Copyright Office in late 2020 in the names of the photographers that allegedly created the Photographs—Matthias Vriens McGrath, Jeff Lipsky, and Ruven Afanador.  Defendants claim that their use was subject to a license or sublicense from the magazines who commissioned and/or published the Photographs.

CPI filed this lawsuit on November 13, 2021.  Prior counsel for Defendants propounded several requests for discovery the following month; after Defendant's current counsel joined the case, Defendant propounded additional discovery requests, including Defendants Requests for Production of Documents, Set Two, on February 11, 2022.  CPI did not respond to any of Defendants' discovery requests until March 4, 2022, and only did so after being ordered by this Court to do so.  *See* February 28, 2022 Minute Order.

Plaintiffs' compliance with written discovery has been deficient in two ways: both as to the written Objections and as to the handful of documents that have been received from Plaintiff. Plaintiff's written Objections[2] themselves are improper for multiple, independent reasons.  *First*,

---

[2] Defendants sought to resolve as many of the deficiencies as possible through the meet and confer process.  CPI ignored Defendants' meet and confer letter, necessitating the Joint Call, and resulting in this Motion. As a result, the deficient responses remain voluminous and Defendants have no insight on what CPI might have conceded or changed had it met and conferred.  A true and correct copy of the discovery requests and responses discussed herein is attached as Exhibit A to the Declaration of Eleanor M. Lackman ("Lackman Decl.").  To avoid reproducing nearly the entire exhibit in this Memorandum of Law, Defendants respectfully request that the Court take the exhibit as tantamount to the verbatim recitation of the requests and responses required by Local Civil Rule 37.1.

14087081.2

they consist *solely* of boilerplate objections, which are patently improper under the Federal Rules.  *Second,* Plaintiff asserts privilege claims in nearly every Objection, yet failed to ever provide a privilege log.  After withdrawing all of these objections, Plaintiff still refuses to produce unredacted licensing agreements.  *Third*, Plaintiff agreed to produce documents in response to nearly all of Defendants' Requests, but has failed to produce documents responsive to more than a dozen such requests.  And *fourth*, Plaintiff failed to state whether responsive materials are actually being withheld on the basis of each objection, so Defendants have no way of knowing if more documents are forthcoming or are being withheld based on the improper objections.

The lean set of documents produced are deficient as well.  On March 4, 2022, CPI produced just 90 pages of documents in response to Defendants' 45 document requests, consisting of registrations with no communications with the Copyright Office, screenshots of the websites that incorporated the images, licensing agreements with photographers with redactions, and invoices relating to the photographers but evidently none relating to the photographs at issue.

On March 16, 2022, Defendants sent a letter to CPI seeking to meet and confer regarding these deficiencies.  Defendants reached out again on March 21, 2022 to convene a joint call to the Court, after CPI ignored Defendants' request to meet and confer; CPI claimed it was unavailable and did not convene for the call until 48 hours later.  During the Parties' joint call to the Court's Chambers on March 23, 2022 ("Joint Call"), Defendants emphasized the urgent need for CPI's full compliance with Defendants' discovery requests, as the extended deadline for fact discovery is Tuesday, March 29, 2022, and a deposition of Plaintiff and its principal has been

14087081.2

scheduled for March 28, 2022—a date Plaintiff chose and Defendants accommodated despite the

Court granting Defendants sole choice over deposition scheduling.[3]

## II.   ARGUMENT

### A.   Plaintiff's Boilerplate Objections Are Improper and Obscure Whether Plaintiff is Withholding Responsive Documents

In response to all of Defendants' Requests, CPI offered boilerplate objections that lack

the requisite specificity under Fed. R. Civ. P. 34.  *Shanchun Yu v. Diguojiaoyu, Inc*., No. 18-CV-

7303, 2019 WL 6174204, at *5 (S.D.N.Y. Nov. 20, 2019) ("As a general matter…conclusory

objections are improper."); *Strategic Mktg. & Research Team, Inc. v. Auto Data Sols., Inc.*, No.

2:15-CV-12695, 2017 WL 1196361, at *2 (E.D. Mich. Mar. 31, 2017) ("Boilerplate or

generalized objections are tantamount to no objection at all and will not be considered by the

Court.").

Such boilerplate objections included grounds that the Requests seek (1) "business

sensitive, confidential information and third party confidential information;" (2) "documents

protected from disclosure by the attorney-client privilege and/or the attorney work product

doctrine;" or are (3) "as overbroad, irrelevant, and disproportionate to the needs of the case to the

extent [the Request] seeks information regarding photographs not at issue."  Lackman Decl., Ex.

A.  No further specificity or explanation was provided with respect to these objections.  To the

extent CPI explained its overbreadth and relevance objection, this explanation lacks merit, as

---

[3] Should the Court grant Defendants' Motion, Defendants also seek relief to permit the re-opening of the Deposition of Plaintiff and its principal to address and verify the contents of any documents produced by CPI on or after March 28, 2022, the date of the depositions of CPI and its principal.  As discussed more fully herein, Defendants also request an adjustment to its summary judgment date, currently set at April 5, 2022, to accommodate a deposition pertaining to any additional documents.

14087081.2

CPI produced several invoices for the licensed use of "photographs not at issue" in this matter for the purpose of showing customary fees and usage.

Defendants are entitled to a specific response and the production of all relevant, non-privileged documents responsive to these Requests.  Further, to the extent any one of these Requests is not covered by CPI's stated objections, CPI must state as much and produce responsive documents accordingly.  *Fischer v. Forrest*, No. 14CIV1304PAEAJP, 2017 WL 773694, at *1 (S.D.N.Y. Feb. 28, 2017).

**B.**     **CPI Has Made Claims of Privilege as to Most of Its Requests and Produced Redacted Licensing Agreements, Yet CPI Has Provided No Privilege Log**

Request Nos. 6, 7 and 8 seek, *inter alia*, licensing agreements between Plaintiff and the Photographers.  In response, CPI produced three licensing agreements between it and each of the Photographers.  Each of these Agreements contains redactions of, presumably, compensation information and licensing fees.

As discussed, Plaintiff initially objected to nearly all of Defendant's Requests on grounds of privilege without providing a specific explanation of the objection.  Further, despite all of its claims of privilege, CIP failed to produce a privilege log, and failed to explain in its discovery responses, the basis for its redactions of the licensing agreements.  Eight minutes before the Joint Call on March 23, CPI stated that it had "not withheld any documents on the basis of privilege," and subsequently withdrew its privilege objections as to all Requests.

Despite withdrawing all claims of privilege with respect to its responses to Defendants Requests, CPI refuses to produce unredacted licensing agreements.  During the Joint Call, CPI's counsel asserted that the redactions were made to hide the Photographers' social security numbers, but confirmed that compensation figures also were withheld.  Indeed, at 3:10 p.m. on

5

14087081.2

March 25, 2022 (less than two hours before the filing deadline for this Motion), CPI produced additional redacted invoices, seemingly withholding commission amounts and client names without explanation.

Compensation rates for use and licensing of the allegedly infringed images is relevant the parties' calculations of damages, which matters given that CPI cannot claim statutory damages and thus must prove up its actual damages. *See* 17 U.S.C. §§ 412, 504(b). Aside from the Photographers' names, Defendants do not seek any personally identifying information from the licensing, but to the extent information such as compensation is redacted, Defendants are entitled to that information, and hereby seek to compel the production of unredacted versions of these agreements.

    **C.**    **CPI Has Failed to Produce Responsive Documents on Several Key Categories of Requests**

Defendant propounded 45 Requests on CPI, 36 of which were contained in Set Two. Despite agreeing to produce documents responsive to nearly all of Defendants' Requests, CPI produced only 90 pages of documents prior to the Joint Call, consisting of copyright registrations, screenshots of the allegedly infringing images, the redacted Agreements, and invoices related primarily to photographs not at issue in this matter. At 10:38 p.m. on March 23, after the Joint Call, Plaintiff produced an additional 41 pages of documents consisting of some copyright registrations, correspondence between Plaintiff's prior counsel and Defendant Keith Girard, and an article—containing no images other than as part of a third-party "banner" advertisement—from one of Defendants' publications.

14087081.2

The Parties are now five days from the close of fact discovery and four days from the deposition of Plaintiff and its principal, yet CPI has failed to produce documents responsive to the following Requests: [4]

### 1.    Communications Between Plaintiff and Photographers

Request Nos. 6, 7 and 8 seek communications between CPI and the Photographers regarding the images and rights asserted in this matter.  Lackman Decl., Ex. A, at 4-5.

Defendants reasonably doubt whether CPI has standing to bring the claims asserted in this case.  The partially-redacted agreements produced by Plaintiff confer only the right to administer the rights of Photographers, but no actual rights to or ownership of the copyrights themselves, which would deprive CPI of standing.  *Premier Tracks, LLC v. Fox Broad. Co.*, 2012 WL 13012714, at *6 (C.D. Cal. Dec. 18, 2012) ("[L]icensing agents are not legal owners of section 106 exclusive rights and do not have standing to sue for copyright infringement."); *Plunket v. Doyle*, 2001 WL 175252, at *5 (S.D.N.Y. Feb. 22, 2001) (plaintiff's alleged "exclusive worldwide rights to manage," as well as to "negotiate, licence [sic], and otherwise cause and permit the exploitation of" all rights in works at issue did not confer standing under 17 U.S.C. § 501(b) because the right to "manage" copyrighted works is not a right under copyright); *Comptoir De L'Industrie Textile De France v. Fiorucci, Inc.*, 1979 WL 1062, at *2 (S.D.N.Y. Apr. 10, 1979) ("exclusive sales distributor" of copyrighted design did not have standing under Copyright Act).

---

[4] On the date of this filing, CPI produced a smattering of additional documents. Based on Defendants' review, the documents produced are either non-responsive or redacted without explanation. In any event, the documents produced on March 25, 2022 do not resolve the deficiencies raised in Defendants' Motion.

The documents sought in Request Nos. 6, 7, and 8 are directly relevant to Defendants' arguments and defenses regarding CPI's standing to bring this case, and thus Defendants' are entitled to their production.

### 2.    Evidence of Licensing Fees

Request Nos. 19, 20, 21, and 24 seek evidence relating to licensing fees earned for the photographs at issue, and damages sustained as a result of the alleged infringement.  Lackman Decl., Ex. A, at 10-12.  CPI has failed to produce any documents responsive to these Requests. It is the plaintiff's burden to prove damages, particularly where actual damages (such as a lost license fee and the defendant's profits, if not duplicative) are the only damages at play.  *See* 17 U.S.C. § 504(b).  Accordingly, evidence of licensing fees pertaining to the works at issue for the type of use claimed is paramount to CPI's claims for damages.

### 3.    Evidence Showing Use or Publication of the Images

Request Nos. 5, 10, 11, 12, 14, 17, 18, and 32 seek, *inter alia*, evidence regarding rights granted by the Photographers to publishers for sublicense to entities like Defendant Girard Entertainment & Media, including but not limited to communications pertaining to any such rights.  Lackman Decl., Ex. A, at 4, 6-10, 15-16.

Evidence in Defendants' possession shows a consistent practice of publishers providing rights to entities like Defendants to use photographs that the publishers have commissioned, in order to increase traffic to the publishers' publications.  Defendants maintain that the Photographs were provided by multiple magazines and other publications, via email that contained an invitation to publish, crediting and other information, and links to download the images for use.  The publishers at issue are major, well-respected organizations who likely

8

received permission to sublicense or obtained the rights from the Photographers in full via assignment or work-made-for-hire agreements.

Plaintiff has produced no documents pertaining to those types of relationships that presumably exist here.  As a purported licensing agent, Plaintiff should have documentation about the extent and scope of its rights from Plaintiff's principals (i.e., the three Photographers). Because such documents and communications are central to—and indeed cement—Defendants' licensing defense, Defendants are entitled to the immediate production of documents responsive to Request Nos. 5, 10, 11, 12, 14, 17, 18, and 32.

### 4.     Efforts to Detect the Allegedly Infringing Use

Request Nos. 13, 29, 30, and 31 seek documents and communications showing CPI's or the Photographers' efforts to detect the allegedly infringing uses of the photographs at issue. Lackman Decl., Ex. A, at 7-8, 14-15.

The Copyright Act states that "No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued."  17 U.S.C. § 507(b). A copyright infringement claim accrues when the copyright holder "discovers, or with due diligence should have discovered, the infringement."  *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 124-25 (2d Cir. 2014).

One of CPI's primary areas of operation is suing for allegedly unlicensed uses.  Despite that the uses in the case are between roughly seven and ten years old it is implausible that no evidence exists as to the search for and detection of the images at issue.  CPI knows that the statute of limitations is three years, and that it is charged with reasonable diligence.  *See Minden Pictures, Inc. v. BuzzFeed, Inc.*, 390 F. Supp. 3d 461, 467 (S.D.N.Y. 2019) (dismissing claim on

9

statute of limitations grounds where "a reasonable copyright holder . . . should have discovered, with the exercise of due diligence, that its copyright was being infringed within the statutory time period").

Accordingly, documents responsive to Request Nos. 13, 29, 30, and 31 are relevant to Defendants' affirmative defenses, and Defendants are entitled to their immediate production.

> **D.**     **Plaintiff Has Improperly Failed to State Whether Responsive Materials Were Withheld**

In response to most of Defendants' requests (Request Nos. 1, 2, 10, 11, 12, 16, 17, 18, 20, 21, 24, 26, 27, 28, 29, 30, 33, 34, 35, 36), CPI stated it would produce responsive, non-privileged documents, but has so far failed to do so.  Fed. R. Civ. P. 34(b)(2)(C) requires that "an objection must state whether any responsive materials are being withheld on the basis of that objection." None of CPI's Responses disclose whether it withheld documents based on its objections to any of Defendants RFPs.  As a result, Defendants have no way of knowing whether relevant documents have been withheld, much less the reasons for their withholding.

Defendants are entitled to the production of all non-privileged documents responsive to its Requests, and are furthermore entitled to CPI's supplemental responses disclosing whether any documents have been withheld on the basis of its asserted objections.

## III.     **FURTHER CONSIDERATIONS REGARDING THE CLOSE OF DISCOVERY**

As the Court knows, the close of discovery in this matter is scheduled for March 29, 2022—itself an extension necessitated by CPI's delays.  CPI should not further benefit from its delays by receiving another extension to elicit additional discovery from Defendants. Accordingly, Defendants request that, to the extent its Motion is granted and additional

14087081.2

documents are produced, Defendants be granted leave to re-open the deposition of Plaintiff and

its principal order to address and verify the documents produced.

Furthermore, the Parties' deadline to file a motion for summary judgment is April 5,

2022, one week from the close of discovery.  Defendants therefore request that, should the

deposition of Plaintiff and its principal be re-opened, that Defendants be granted one week from

the completion of such deposition to file its motion for summary judgment.

## IV.    **<u>CONCLUSION</u>**

For the foregoing reasons, Defendants respectfully request that the Court grant this

Motion and:

(1) Compel Plaintiff to immediately produce *all* documents responsive to Defendants'

Requests, specifically Request Nos.5,  6, 7, 8, 10, 11, 12, 13, 14, 17, 18, 19, 20, 21,

24, 29, 30, 31, and 32;

(2) Order Plaintiff to verify that no responsive documents or materials are being

withheld, or, if any materials are being withheld, order Plaintiff to serve on

Defendants a privilege log or affidavit detailing the reasons such documents are

withheld;

(3) Grant Plaintiff leave to re-open the deposition of Plaintiff and its principal to address

any documents produced as a result of this Motion;

(4) Grant Plaintiff one week from the date of the re-opened deposition described in

subsection (3) to file its motion for summary judgment.

11

14087081.2

DATED:  New York, New York
       March 25, 2022

Respectfully submitted,

MITCHELL SILBERBERG & KNUPP LLP

By: _____
    Eleanor M. Lackman
    437 Madison Ave., 25th Floor
    New York, New York 10022-7001
    Telephone: (212) 509-3900
    Facsimile: (212) 509-7239
    Email:  eml@msk.com

    *Attorneys for Defendants*
    *Girard Entertainment & Media LLC and*
    *Keith Girard*

12

14087081.2