**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CREATIVE PHOTOGRAPHERS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GIRARD ENTERTAINMENT & MEDIA LLC, and KEITH GIRARD,<br><br>Defendants. | Civil Action No.: 1:21-cv-09398-JSR<br><br>**PLAINTIFF'S OPPPOSITION TO DEFENDANT GIRARD ENTERTAINMENT & MEDIA LLC'S MOTION TO COMPEL** |

## <u>MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION</u>

### I. Introduction

This motion addresses a dispute that is of Defendants' own creation and must. As this court recall, the firms for both Plaintiff and Defendants recently entered this case. Plaintiff's counsel requested a brief extension of discovery so that both Plaintiff and Defendants could adequately hold discovery. Defendants objected to this request in order to exploit the fact that Plaintiff's prior counsel had not conducted much in the way of discovery. The Court allowed a brief extension.

Despite recently entering this case, Plaintiff produced discovery responses *before* they were due under the Federal Rules, in order to ensure compliance with this Court's directive. It has also produced numerous tranches of documents in a case that does not have a wide scope.

Defendants have produced <u>**no**</u> documents. And they have no basis to move to compel. This motion should be denied.

Because Plaintiff Creative Photographers, Inc. ("CPI") produced responsive documents in its possession, custody, or control, Defendants' allegation that CPI's written discovery responses are inadequate plainly fails. Defendants Girard Entertainment & Media LLC ("GEM") and Keith Girard's ("Girard") (collectively, "Defendants") Motion to Compel ("Motion", Dkt. #31) thus lacks merit.

## II. Argument

### A. CPI's objections are proper and CPI indicated it would produce non-privileged responsive documents in its possession, custody, or control

As demonstrated in Defendants' Exhibit A (Dkt. #30-1), Plaintiff "object[ed] to [the requests at issue] **to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine**." Indeed, almost every request at issue seeks "all documents concerning" without limitation. Because Defendants did not request all "non-privileged" documents, CPI had to object to the requests at issue to the extent Defendants sought documents protected from disclosure by attorney-client privilege and/or the attorney work product doctrine.

Additionally, CPI indicated that it would produce responsive documents in its possession, custody, or control. And it has done so. Indeed, Defendants even highlight that "CPI produced several invoices for the licensed use of 'photographs not at issue' in this matter for the purpose of showing customary fees and usage."

Several documents that Defendants seek are not in CPI's custody. Defendants issued a subpoena as to the photographers on March 15, 2022, who are in a better position to produce certain documents.

### B. The redactions are proper at this stage

CPI's document production contains highly sensitive information concerning its business practices and licenses. CPI provided comparable licenses reflecting the amount that certain media outlets have paid. This is sufficient to establish the relevant licensing fees. And while CPI is willing to produce unredacted versions of these agreements reflecting the identities of the publications at issue, Defendants have not agreed to enter into a protective order.

CPI has proffered a compromise in this regard. As stated on the call with the Court clerk, for example, CPI can produce unredacted copies for Girard's review during the mediation with the Magistrate Judge on April 4. This should allay Girard's concerns.

### C. CPI has produced responsive documents in the categories highlighted by Defendants

Defendants claim that CPI has not produced communications between CPI and the photographers, evidence of licensing fees, evidence showing use or publication of images, and efforts to detect the allegedly infringing use. But this is demonstrably false. CPI has produced its agreements with the photographers at issue. Additionally, CPI has produced the licensing history for the photographs that were licensed to multiple outlets. For the photographs that were not licensed to other publications, CPI produced evidence of comparable licensing fees, as Defendants even highlight in the Motion. CPI has also produced evidence of the infringing uses at issue and evidence reflecting the dates of discovery, including screenshots reflecting the dates of discovery. It is unclear what other evidence CPI can produce reflecting its efforts to detect the allegedly infringing use, and Girard has failed to raise any *specific* issue or produce any documents of its own that may establish or clarify any deficiency.

Girard has also served subpoenas on two of the photographers whose works are at issue, and those photographers have agreed to produce certain documents. Girard has served additional subpoenas on other third parties. Girard fails to demonstrate that any of its actual requests seek material that has not yet been produced.

## III. Conclusion

CPI has produced responsive documents in its possession, custody, and control. Girard has failed to produce a *single* document to date. It is respectfully requested that this motion should be denied in its entirety.

Respectfully submitted,

Dated: March 27, 2022
New York, New York

By: */s/ Scott Alan Burroughs*

Scott Alan Burroughs, Esq.
Laura M. Zaharia, Esq.
DONIGER / BURROUGHS
247 Water Street, First Floor
New York, New York 10038
scott@donigerlawfirm.com
lzaharia@donigerlawfirm.com
(310) 590-1820
Attorneys for Plaintiff
Creative Photographers, Inc.