**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Creative Photographers Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Girard Entertainment & Media LLC, et al.,<br><br>Defendants. | Civil Action No.: 1:21-cv-09398-JSR<br><br>**PLAINTIFF'S RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY ADJUDICATION** |

Pursuant to Rule 56.1 of the Local Civil Rules of the Southern District of New York, Plaintiff, Creative Photographers Inc. ("CPI"), respectfully submits this Statement of Material Facts in Support of its Motion for Summary Adjudication.

1. CPI is a premier photographic syndication, licensing, and sales company based in New York, and it distributes to media outlets and publications photographs of models and celebrities created by internationally renowned photographers. Declaration of Geoff Katz ("Katz Decl.") ¶2.

2. By virtue of its contracts with its photographers, CPI is the sole and exclusive distributor for the photographers' works. Katz Decl. ¶3, Exh. 1.

3. This case involves Defendants' unauthorized reproduction, distribution, and display of ten (10) photographs, including six of Jenna Dewan created by Jeff Lipsky ("Lipsky") for display in *Health Magazine,* two of Jessica Alba created by Matthias Vriens McGrath ("McGrath") for display in *Entertainment Weekly,* one of Gillian Anderson for display in *New Beauty* and one of Jennifer Aniston both created by Ruven Afanador ("Afanador") for display in *The Hollywood Reporter* (the "Subject Photographs"). Katz Decl. ¶4, Exh. 2.

4. At all relevant times the aforementioned photographers owned the copyrights in the Subject Photographs and each of them entered into exclusive distribution and agency agreements with CPI ("Agreements"). Katz Decl. ¶3, Exh. 1.

5. The Agreements established that CPI had the sole right to distribute, license, and sell the Subject Photographs to third parties, and establishes that CPI has, at all times relevant to this action, been the exclusive administrator and of the copyright rights in and to the Subject Photography. Id.

6. One of the Subject Photographs is still live and available to the public on GEM's primary website and multiple others are still live and available to the public through GEM's server or "static image" pages. Burroughs Decl. ¶¶10, 11, Exh. 6, 7.

7. This is the second time that CPI has had to bring suit against Girard for copyright infringement. Girard is the principle of online publisher TheImproper Network LLC, who was likewise sued in September 2019 for similar infringing conduct in an action in the Southern District of New York styled *Creative Photographers, Inc. v. TheImproper Network LLC,* Case No. 1:19-cv-08631-PKC. Declaration of Scott Burroughs ("Burroughs Decl.") ¶14.

8. Defendants own, operate, and are solely responsible for the content posted to the website www.celebrityhealthfitness.com (the "Website"). Burroughs Decl. ¶3, Exh. 4.

9. Defendants, after copying the Subject Photographs from third party sites and social media platforms like Instagram, displayed and published CPI's proprietary Subject Photographs as key visual art for articles that they displayed on, and distributed through, their websites, with each article surrounded by commercial advertising (the "Infringing Uses"). Katz Decl. ¶5, Exh. 3.

10. Defendants have not produced any evidence to establish that they conducted due diligence or even an inquiry into ownership or copyright information for any of the Subject

Photographs before exploiting them on the Website. Burroughs Decl. ¶5.

11. Defendants have not proffered any evidence that they obtained a license from CPI, the respective photographers, or any other party that authorized them to display the Subject Photographs on the Website. Burroughs Decl. ¶6.

12. Defendants have likewise provided no evidence to support any of their affirmative defenses. Burroughs Decl. ¶7.

13. Indeed, as of the date of this filing, which is CPI's deadline to file its dispositive motion, Defendants have not produced a *single* document in discovery.[1] Burroughs Decl. ¶8.

14. GEM did not exist until 2019, when it was formed with the New York Secretary of State. Burroughs Decl. ¶12; Ex. 8.

15. GEM apparently began distributing the Infringing uses in 2019. On August 25, 2021, CPI's counsel sent to Defendants a cease-and-desist demand regarding the Infringing Uses. Burroughs Decl. ¶13; Ex. 5.

16. Defendants claimed that he infringement claims were fraudulent did not remove the Subject Photographs from their site at or around this time. Id.

17. This case was filed on November 13, 2021. See Dkt. #1.

18. Despite the clear evidence of copying set forth in the demand letter and the Complaint, and the protestations of CPI, Defendants have *still* refused to remove all of the Subject Photographs from their Website. As of March 29, 2022, the date of the filing of this motion, several Subject Photographs incorporated in the Infringing Uses were still available to

[1] After business hours on March 29, 2022, as this Motion was being prepared for filing, Defendants made its first document production – a smattering of documents, none of which appear to relate to the Subject Photographs or Infringing Uses.

the public on Defendants' website. Burroughs Decl. ¶¶10, 11, Exh. 6, 7.

19. The applicable copyright registrations identify CPI in the Rights and Permissions section. Katz Decl. ¶4, Ex. 2.

20. Each artist has an exclusive license and distribution agreement with CPI granting CPI an ownership interest in Subject Photographs and their copyrights. Katz Decl. ¶3, Ex. 1.

21. A comparison of the Subject Photographs with the relevant pages from the Website makes clear that Defendants published identical copies of the Subject Photographs that captured their lighting, angle, composition, and all other creative aspects. Katz Decl. ¶5.

22. Defendants are chargeable with the knowledge that CPI had the exclusive right to license the Subject Photographs because the publicly available copyright registrations reflect CPI's contact information for rights. Katz Decl. ¶4, Ex. 2.

23. Defendants have presented no evidence they even attempted to obtain a license or permission to use the Subject Photographs, there has also been no evidence presented that Defendants could reasonable concluded permission was not necessary. Burroughs Decl. ¶¶5-8.

24. In 2019 Girard learned of the consequences of unlawfully exploiting another's work without consent when CPI initiated a lawsuit against another entity owned by him TheImproper Network, LLC. *Creative Photographers, Inc. v. TheImproper Network LLC,* Case No. 1:19-cv-08631-PKC. Burroughs Decl. ¶ 14.

25. Defendants published and displayed the Subject Photographs with knowledge that it had failed to gain anyone's consent. Katz Decl. ¶6; Burroughs Decl. ¶¶5-8.

26. Defendants benefitted from their willful infringement in the form of increased advertising revenue and page views as evidenced by the copious amount of advertisements visible on the exemplars of Defendants' infringement. Burroughs Decl. ¶ 9.

27. As of March 29, 2022, Defendants have not removed the Subject Photographs from their website, months after CPI initiated this lawsuit. Burroughs Decl. ¶¶10-12, XX, Exs. 6-8.

Respectfully submitted,

Dated: March 29, 2022 By: <u>*/s/ Scott Alan Burroughs*</u>

Scott Alan Burroughs, Esq.
Laura M. Zaharia, Esq.
DONIGER / BURROUGHS
247 Water Street, First Floor
New York, New York 10038
Telephone: (310) 590-1820
scott@donigerlawfirm.com
Counsel for Plaintiff Creative Photographers, Inc.