UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CREATIVE PHOTOGRAPHERS, INC.,

Plaintiff,

v.

GIRARD ENTERTAINMENT & MEDIA LLC, and KEITH GIRARD,

Defendants.

CASE NO. 1:21-CV-09398-JSR

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>MOTION TO COMPEL RUVEN AFANADOR TO COMPLY WITH SUBPOENA</u>**

# TABLE OF CONTENTS

**Page**


PRELIMINARY STATEMENT ........ 1

BACKGROUND ........ 1

A. Facts Relevant to the Motion ........ 1

ARGUMENT ........ 3

I. RUVEN AFANADOR FAILED TO RESPOND TO A PROPERLY SERVED SUBPOENA ........ 3

II. RUVEN AFANADOR SHOULD BE ORDERED TO COMPLY BY APRIL 15, 2022 ........ 6

CONCLUSION ........ 7

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Ahmad v. East Ramapo Central School Dist.*,
2011 WL 13383215 (S.D.N.Y. June 16, 2011) ....................5

*Beare v. Millington*,
2010 WL 234771 (E.D.N.Y. Jan. 13, 2010) ....................3

*Beller & Keller v. Tyler*,
120 F.3d 21 (2d Cir. 1997) ....................5

*Bruccoleri v. Gangemi*,
No. 17-CV-7443, 2019 WL 499769 (E.D.N.Y. Feb. 8, 2019) ....................4

*Citadel Mgmt., Inc. v. Telesis Tr., Inc.*,
123 F. Supp. 2d 133 (S.D.N.Y. 2000) ....................5

*Erie Cnty. Dist. Atty's Office v. Gugino*,
2021 WL 4172876 (W.D.N.Y. Sept. 14, 2021) ....................6

*First City, Texas-Houston, N.A. v. Rafidain Bank*,
197 F.R.D. 250 (S.D.N.Y. 2000), *aff'd*, 281 F.3d 48 (2d Cir. 2002) (Rakoff, J.) ....................4, 5

*JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*,
2009 WL 1313259 (S.D.N.Y. May 11, 2009) ....................3

*McGucken v. Newsweek*,
2020 WL 6135733 (S.D.N.Y. Oct. 19, 2020) ....................6

*Plaza Motors of Brooklyn, Inc. v. Rivera*,
2021 WL 4356011 (E.D.N.Y. Sept. 24, 2021) ....................4

*Sheet Metal Workers' Nat'l Pension Fund v. Amodeo*,
2016 WL 3080807 (E.D.N.Y. May 27, 2016) ....................6

*Tube City IMS, LLC v. Anza Capital Partners, LLC*,
2014 WL 6361746 (S.D.N.Y. Nov. 14, 2014) ....................4

*Ultradent Prod., Inc. v. Hayman*,
2002 WL 31119425 (S.D.N.Y. Sept. 24, 2002) ....................4

## OTHER AUTHORITIES

Fed. R. Civ. P.
4(e) ....................3

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

4(e)(1) ....................4
45....................1, 3, 4, 5
45(b)....................3
45(d)(2)(B)....................6

N.Y. C.P.L.R.
§ 308(2)....................4, 5
§ 308(2) notes ....................5

Defendants Girard Entertainment & Media LLC and Keith Girard ("Defendants") respectfully submits this Memorandum of Law in support of its motion pursuant to Fed. R. Civ. P. 45 to compel Ruven Avanador to comply with the subpoena *ad testificandum* (the "Subpoena") served on him on March 18, 2022 (the "Motion"). A copy of the Subpoena is submitted herewith as Exhibit A to the Declaration of Leo M. Lichtman ("Lichtman Decl.").

## PRELIMINARY STATEMENT

Defendants bring this Motion because Ruven Afanador—one of the photographers whose photographs were allegedly infringed—has completely ignored the Subpoena which was served on him, and which he has admitted receiving. Defendants served Afanador with a Subpoena seeking deposition testimony and a limited, targeted set of document requests intended to seek relevant information. Afanador was served with the Subpoena on March 18, 2022 and was required to comply with the Subpoena on March 28, 2022, but has willfully defaulted. Accordingly, Defendants move this Court for an order seeking Mr. Afanador's compliance with the Subpoena no later than April 15, 2022.[1]

## BACKGROUND

### A. Facts Relevant to the Motion

This suit concerns the alleged infringement of photographs, the copyrights to which are allegedly owned by three photographers who are not parties to this suit. Plaintiff Creative

[1] April 15, 2022 is the date the Court has set for the filing of Defendants' opening brief on their anticipated motion for summary judgment, as well as the date for the hearing on this Motion. Defendants respectfully request that to the extent Afanador produces documents or testimony after the date of the filing of the summary judgment motion, they be permitted to supplement their papers within three business days of the production or deposition, whichever is later, to include any information discovered as a result of such production and/or deposition. In the alternative, Defendants respectfully request a one week extension of the summary judgment briefing schedule.

Photographers, Inc. ("CPI"), an entity that has no ownership rights nor exclusive licensing rights, has brought this action. Indeed, CPI admitted repeatedly at its deposition that it is merely a licensing agent for copyrights owned by others, and CPI's agreements make clear that the photographers, not CPI, own the copyrights. The photographers have not been joined in the action.

Defendants own and operate the websites www.thenyindependent.com and wwww.celebrityhealthfitness.com (the "Websites"). CPI alleges that Defendants publicly displayed without authorization ten (10) photographs of certain celebrities (collectively, the "Photographs") in connection with articles posted on the Websites many years ago. The Photographs were allegedly registered with the U.S. Copyright Office in late 2020 in the names of the photographers that allegedly created the Photographs—Matthias Vriens McGrath, Jeff Lipsky, and Ruven Afanador. While Defendants' records are scarce due to the passage of time before filing the action, Defendants' current records corroborate the fact that the uses were provided with permission—even encouragement—from the magazines who commissioned and/or first published the Photographs. The scant amount of documents produced to-date confirm that the rights in the photographs either resided with the magazine publisher, or the publisher was granted broad rights to distribute and sublicense the images, including for the very type of promotional purposes at issue in this action.

Because of CPI's numerous discovery deficiencies (memorialized, *inter alia*, in the Court's February 28, 2022 and March 28, 2022 orders and Defendants' motion to compel, ECF Nos. 29-31) and, because the photographers are the authors and sole owners of the copyrights in the Photographs and are likely to be in unique possession of information relevant to this lawsuit, Defendants served narrowly focused subpoenas—targeted primarily at the issues of ownership

and permissions to magazines—on the photographers on March 16-18, 2022.[2]

The Subpoena directed to Afanador was served on March 18, 2022. Lichtman Decl. Ex. B. Documents produced by CPI conclusively demonstrate that Afanador received actual notice, and receipt, of the Subpoena. Lichtman Decl. Ex. C. Indeed, documents belatedly produced by CPI reflect numerous communications between CPI and Afanador, as well as the other photographers concerning the subpoenas that were served on them. Lichtman Decl. Ex. D.[3]

## ARGUMENT

### I. RUVEN AFANADOR FAILED TO RESPOND TO A PROPERLY SERVED SUBPOENA

Pursuant to Fed. R. Civ. P. 45(b), service is made by "delivering a copy to the named person." This does not literally require personal, direct delivery. Rather, courts in this Circuit have repeatedly explained that "delivery" under Rule 45 "requires only delivery which reasonably ensures actual receipt by the witness." *Beare v. Millington*, 2010 WL 234771, at *4 (E.D.N.Y. Jan. 13, 2010) (citing cases); *see also JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*,

---

[2] Before attempting to serve the photographers, Defendants' counsel inquired on March 11 whether CPI's counsel was retained to represent the photographers in connection with the subpoenas. Lichtman Decl. Ex. E. CPI's counsel did not respond until March 16, 2022, and, without confirming whether or not they represented the photographers, simply noted that they were not authorized to accept service. *Id*. Then, on the evening of March 25, well after Defendants' counsel effected service on the photographers and three days before their scheduled deposition dates, CPI's counsel confirmed that it represented two of the photographers. Lichtman Decl. Ex. F. CPI's counsel claims to not represent Ruven Afanador despite communications produced by CPI showing that CPI was in close contact with the photographers concerning the subpoenas, who deferred to CPI, and suggested to them that CPI's counsel would represent them to "run interference" on their subpoenas. Lichtman Decl. Ex. D.

[3] Defendants infer based on context that these communications are indeed between CPI and the photographers but notably, Defendants did not have the opportunity to question CPI about these documents because they were only produced after being identified by CPI and at CPI's deposition and called for by Defense counsel, despite being responsive to Defendants' document requests. Defendants will confirm the substance of these text messages with CPI when they re-open the deposition of CPI pursuant to the Court's March 28, 2022 order.

2009 WL 1313259, at *2 (S.D.N.Y. May 11, 2009) ("[T]his Court joins other courts in this District in 'holding that effective service under Rule 45 is not limited to personal service.'").

Delivery via the methods for service of summons set forth under Fed. R. Civ. P. 4(e) (which incorporates New York's procedural rules), has routinely been held to be sufficient. *See, e.g., Plaza Motors of Brooklyn, Inc. v. Rivera*, 2021 WL 4356011, at *3 (E.D.N.Y. Sept. 24, 2021); *Tube City IMS, LLC v. Anza Capital Partners, LLC*, 2014 WL 6361746, at *3 (S.D.N.Y. Nov. 14, 2014); *Ultradent Prod., Inc. v. Hayman*, 2002 WL 31119425, at *2 (S.D.N.Y. Sept. 24, 2002). In fact, this Court has previously held that service via attaching a subpoena to the door and mailing a copy to counsel of record was sufficient to comply with Rule 45 where the witness did not deny that it received timely actual notice of the subpoena. *First City, Texas-Houston, N.A. v. Rafidain Bank*, 197 F.R.D. 250, 255 (S.D.N.Y. 2000), *aff'd*, 281 F.3d 48 (2d Cir. 2002) (Rakoff, J.).

Here, service of the Subpoena on Ruven Afanador was completed pursuant to N.Y C.P.L.R. § 308(2), and therefore satisfies Fed. R. Civ. P. 4(e)(1), which incorporates state law for service of summons. First, on March 17, 2022, the process server delivered a copy to Afanador's "usual place of abode with someone of suitable age and discretion," namely the doorman of his apartment building, who refused access to Afanador's apartment. Lichtman Decl. Ex. B. *See Bruccoleri v. Gangemi*, No. 17-CV-7443, 2019 WL 499769, at *4 (E.D.N.Y. Feb. 8, 2019) ("[S]ervice upon a doorman in a lobby constitutes service at the person's residence under C.P.L.R. § 308(2)" where access to the person's actual apartment is limited) (citing *F. I. du Pont, Glore Forgan & Co. v. Chen*, 396 N.Y.S.2d 343, 346 (1977) ("In our analysis if a process server is not permitted to proceed to the actual apartment by the doorman or some other employee, the outer bounds of the actual dwelling place must be deemed to extend to the location at which the

process server's progress is arrested"). Second, on March 18, 2022, the process server mailed a copy of the Subpoena via first class mail to Afanador's address—his "last-known residence"—in a postpaid envelope bearing the words "Personal & Confidential." Lichtman Decl. Ex. B. *See, e.g., Citadel Mgmt., Inc. v. Telesis Tr., Inc.*, 123 F. Supp. 2d 133, 145 (S.D.N.Y. 2000) (personal delivery to apartment doorman and subsequent first-class mailing to residence satisfied C.P.L.R. § 308(2)).[4]

More importantly, ***Ruven Afanador received actual notice of the Subpoena***. *See First City*, 197 F.R.D. at 254-55 (Rakoff, J.); *see also Ahmad v. East Ramapo Central School Dist.*, 2011 WL 13383215, at *2 (S.D.N.Y. June 16, 2011) (ordering appearance of witnesses at depositions where witnesses had "actual knowledge that they are being sought for a deposition" pursuant to Rule 45 subpoenas). Indeed, the documents produced—a text message between Afanador and CPI's principal and accompanying photographs of the Subpoena delivered to Afanador's residence which Afanador acknowledged was in fact "delivered" to his address—demonstrate that Afanador not only was well aware of the Subpoena, but was closely interacting with CPI concerning the Subpoena, who was conveying questions from CPI's attorney to Afanador. Lichtman Decl. Ex. C.

Importantly, CPI's counsel has already agreed to represent the other photographers in connection with the subpoenas served on them, and, text messages between CPI and those

[4] Though N.Y. C.P.L.R. § 308(2) notes that service is "complete" ten days after filing proof of service, the Second Circuit has explained that this requirement has "no bearing on calculating the time in which to answer in federal practice." *Beller & Keller v. Tyler*, 120 F.3d 21, 26 (2d Cir. 1997) (holding that defendant's time to answer complaint ran from the time service was actually carried out, and that the proof of service requirement under New York procedural rules did not factor into that calculation). Here, service under C.P.L.R. § 308(2), and the time to respond to the Subpoena, would be calculated from March 18, 2022, the date of the subsequent first-class mailing.

photographers demonstrate a clear assumption that CPI's lawyer would represent *all* of the photographers, as CPI was attempting to coordinate meetings between the photographers and its counsel. Lichtman Decl. Ex. D. In this context, it is disingenuous for CPI's counsel to suggest that he does not represent Afanador, who resides in this District (despite clearly representing the other two photographers, who are in California), and his position that Afanador was not even served with the very Subpoena that CPI ***actually discussed*** with Afanador pursuant to direction from CPI's counsel, documents gamesmanship that appears to be forming a pattern in this District. *See McGucken v. Newsweek*, 2020 WL 6135733, at *4 (S.D.N.Y. Oct. 19, 2020) ("[T]he Court has become increasingly concerned with Plaintiff's counsel's conduct throughout the course of this litigation.").

## II. RUVEN AFANADOR SHOULD BE ORDERED TO COMPLY BY APRIL 15, 2022

Because Afanador has defied his obligations, he should be ordered to provide testimony and documents pursuant to the Subpoena no later than April 15, 2022. As explained above, CPI's document production has revealed that Afanador is a pivotal witness given that he is one of the three photographers whose works were allegedly infringed, and is likely to possess unique information concerning the creation and licensing of his photographs that are at issue.

Moreover, Afanador did not serve objections to the requests set forth in the Subpoena within the time specified for compliance (indeed, he has not served any objections at all), and has thus waived his objections. *See* Fed. R. Civ. P. 45(d)(2)(B) (objections must be served the earlier of the time specified for compliance or 14 days after the subpoena is served); *Erie Cnty. Dist. Atty's Office v. Gugino*, 2021 WL 4172876, at *2 (W.D.N.Y. Sept. 14, 2021) ("Failure to serve objections to a Rule 45 subpoena within 14 days following service of the subpoena as required by Fed. R. Civ. P. 45(d)(2)(B), results in waiver of such objection."); *Sheet Metal Workers' Nat'l Pension Fund v. Amodeo*, 2016 WL 3080807, at *6 (E.D.N.Y. May 27, 2016)

("[t]he fourteen day time limitation to serve written objections to a subpoena is crucial as failure to do so typically constitutes a waiver of such objections.") (citing *In re Corso*, 328 B.R. 375, 384 (E.D.N.Y. 2005)).

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court grant the relief requested herein.

DATED: New York, New York
April 4, 2022

Respectfully submitted,

MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Eleanor M. Lackman

Eleanor M. Lackman
Leo M. Lichtman
437 Madison Ave., 25th Floor
New York, New York 10022-7001
Telephone: (212) 509-3900
Facsimile: (212) 509-7239
Email: eml@msk.com
Email: lml@msk.com

*Attorneys for Defendants Girard Entertainment & Media LLC and Keith Girard.*